ODOM, Justice
 

 (dissenting).
 

 I think the question certified by the Court of Appeal should be answered in the negative. When E. J. Chaney went from his residence to the garage, he went on a mission of his own, in no sense connected with his employment. “His' purpose in going there was to obtain his personal car, on which repairs had been made.” He departed entirely from tfye duties for which he was employed. While on that mission, he was a stranger to his master’s business. He suspended his contractual relations with his employer by taking and using his employer’s car for his own private purpose. He abandoned, and turned aside completely from, the business for which he was employed, to engage in a purpose wholly his own. The fact that, while at the garage, he spoke to a salesman about the purchase _ of tires for a truck which belonged to the town does not change the situation, because admittedly he did not go there for that purpose.
 

 Having taken and used his employer’s car on a mission wholly his own, thereby departing completely from the scope of his employment, he did not reenter his master’s work on the return trip, the purpose of which was to put the car back where it was ordinarily kept while not in use. The outgoing trip being unauthorized, the incoming trip was likewise so. James v. Williams & Son, supra.
 

 In the case of Cusimano v. A. S. Spiess Sales Co., quoted in the majority opinion, the servant went out on a mission for the master and, while out, turned 'aside from the scope of his employment and went on a mission of his own. After he had completed the purpose for which he turned aside, he resumed his duties and, while so returning, inflicted personal injury upon another. It was held that the employer was liable, on the ground that the master’s liability reattached as soon as the servant resumed the business of his employer. The theory underlying that holding was
 
 *791
 
 that the servant went out on a mission for the master. The same principle was announced in Glass v. Wise & McAlpin, 155 La. 477, 99 So. 409.
 

 In the case at bar, the injury took place while the car belonging to the town was being returned to the garage where it was ordinarily kept, after having been taken out on a mission not connected with the servant’s employment.
 

 In my opinion the ruling in the case of James v. Williams & Son, supra, is applicable to this case. I dissent.